[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON PLAINTIFF'S MOTION FOR RETURN OF FUNDS
Plaintiff-movant seeks, through this motion dated September 24, 1990, to recover the amount of an IRS refund intercepted by the Family Support Division.
The plaintiff alleges that these funds were seized without a legal basis. That he, the movant, was not in arrears in support payments. That the IRS refund should not have been intercepted, and should be repaid to the movant by the State of Connecticut.
The Family Support Division responds that it acted precisely within the mandates of Conn. Gen. Stat. sec. 46b-231. That it was required to proceed to collect arrearages when the payee requested assistance and gave an affidavit as to the period of time for which payment of support ordered by the court was not made by the plaintiff-movant.
The plaintiff-movant contends that the accounting CT Page 1543 made by the Family Relations Division was incorrect; that the seizure of funds was illegal and that the State is responsible to repay the excess amounts seized.
The Family Support Division counters with the argument that its accounting was based upon the sworn statement of the payee; that it acted as the collection agent for the payee as required by statute; that any funds it received were paid over to the defendant-wife as support ordered payments. That if any of these payments were incorrect then the movant must recover them from the defendant-wife since the Family Relations Division was acting only as the collection agent as required by the statute.
Further, the Family Support Division contends its accounting of the support orders for the period involved, plus the monies received from plaintiff-payor and the sum intercepted from the IRS was accurate based upon the monies received and the sworn information received from the payee. Also, that the payor has not countered this with a showing of any evidence to the contrary.
The plaintiff further alleges that the State of Connecticut prior to the seizure of these IRS funds, executed a stipulation and agreed not to intercept any future IRS refund checks; and, that it violated this agreement and seized the IRS refund now in dispute, and now is liable for the amount intercepted, i.e., $1,537.00 intercepted about May 30, 1989.
To this allegation the Family Support Division responds, that it was not acting in behalf of the State of Connecticut when the refunds were intercepted but, rather, for the benefit of the defendant. That the stipulation mentioned specifically excludes the defendant from the terms of that stipulation; therefore, there is no liability to the plaintiff on the part of the State of Connecticut to refund the amount of the intercepted check.
Further, the Family Support Division alleges that these funds were owed to the defendant based upon the court's orders and the affidavit of the defendant as to the amounts she received from the plaintiff. Also, that the plaintiff has made no showing that he made payments to the defendant than those noted in the Family Support Division's records.
Therefore, the court finds that the stipulation of March 27, 1987, executed by the plaintiff's attorney and the Assistant Attorney General recites that there is no balance due to the State of Connecticut nor to the Family Relations Division. However, there is a distinction drawn as to the interests CT Page 1544 of the State and the interests of the defendant wherein, the defendant's rights and/or interests are excluded from the stipulation.
Further, there is no indication that the Assistant Attorney General presumed to represent the interests of the defendant. In fact, any interests or rights of the defendant are specifically excluded from the stipulation.
Thus, to the extent that the Family Support Division acted in behalf of the defendant the stipulation did not interfere with that relationship.
Therefore, it follows, that the action of the Family Support Division in intercepting plaintiff's IRS refund check was action taken in behalf of the defendant and not for the benefit of the State. Thus, the Family Support Division did not violate the stipulation when it intercepted plaintiff's IRS refund.
Based upon the above, the court denies the plaintiff's motion.
JULIUS J. KREMSKI STATE TRIAL REFEREE